FIRAS HADDAD
2810 Via Orange Way, Suite A
Spring Valley, California  91978
Tel:  (619) 450-2222
Fax: (619) 450-2223

*Plaintiff*

FILED

2012 DEC 19   AM 12: 38

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
## Southern District of California

| | |
|---|---|
| **FIRAS HADDAD**<br><br>*Plaintiff,*<br><br>v.<br><br>**BANK OF AMERICA, N.A.,**<br>**BAC HOME LOANS SERVICING, LP;**<br>**MORTGAGE ELECTRONIC**<br>**REGISTRATION SYSTEMS INC**<br>**(MERS); LaSALLE BANK, N.A.; and**<br>**MERRILL LYNCH MORTGAGE**<br>**INVESTORS TRUST SERIES 2006-HE6**<br><br>*Defendants,* | Case No.:  '12 CV 3010 WQH JMA<br><br>**COMPLAINT FOR:**<br><br>1. Quiet Title<br>2. Declaratory Relief<br>3. Wrongful Foreclosure<br>4. Slander of Title<br>5. Violation Of Cal. Civ. Code §2923.5<br>6. Fraud<br><br>***Jury Trial Demanded*** |

COMES NOW the Plaintiff, Firas Haddad (hereinafter "Plaintiff"), complaining against the Defendants, and each of them, as follows:

## 1. **THE PARTIES**

1.1.    Plaintiff is the current owner of the property located at 3256 Greystone Drive - Jamul, State of California (hereinafter the "Property").

1.2.    Plaintiff is informed and believes and thereon alleges that Defendant Bank of America, N.A., aka: BAC Home Loans Servicing, LP (hereinafter individually and collectively "BofA") is the present purported Master Servicer of the underlying Promissory Note.

VERIFIED COMPLAINT

1.3.  Plaintiff is informed and believes and thereon alleges that the Merrill Lynch Mortgage Investors Trust Series 2006-HE6 Trust (hereinafter "MLMI Trust") is a Real Estate Mortgage Investment Conduit (REMIC) Trust created in 2005 to purchase Mortgage loans for purpose of resale as Mortgage Backed Securities (MBS).

1.4.  Plaintiff is informed and believes and thereon alleges that LaSalle Bank, N.A. (hereinafter "LaSalle") is the purported Trustee for the MLMI Trust.

1.5.  Plaintiff is informed and believes and thereon alleges, that Defendant Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS") is the purported Beneficiary under an alleged Mortgage or Deed of Trust associated with Plaintiff's Note.

## 2.  INTRODUCTION

2.1.  This is an action brought by Plaintiff for Quiet Title, Declaratory Relief, Wrongful Foreclosure, Slander of Title, Violation of Cal. Civ. Code §2923.5 and Fraud.

2.2.  Plaintiff, disputes the current Deed of Trust/Mortgage recorded against title of the real property in question (the "property"), which is the subject of this action, in that the originating lender, and others alleged to have ownership, have sold, assigned and/or transferred their ownership and security interest in the Promissory Note and Mortgage related to the Property, and, thus, do not have lawful ownership or a security interest in Plaintiff's Home which is described in detail herein.

2.3.  Plaintiff further alleges that Defendants, and each of them, cannot establish possession and proper transfer and/or endorsement of the Promissory Note and proper assignment of the Mortgage herein;

VERIFIED COMPLAINT

therefore, none of the Defendants have perfected any claim of title or security interest in the Property.  Defendants, and each of them, do not have the ability to establish that the Mortgages that secure the indebtedness, or Note, were legally or properly acquired.

2.4.   Plaintiff alleges that an actual controversy has arisen and now exists between the Plaintiff and Defendants, and each of them.  Plaintiff desires a judicial determination and declaration of its rights with regard to the Property and the corresponding Promissory Note and Mortgage.

2.5.   Plaintiff also seeks redress from Defendants identified herein and asks this court for a declaration of interests and for cancellation of the Mortgage (Deed of Trust) instruments based upon the following factual presentation.

### 3.  JURISDICTION, VENUE, AND PARTIES

3.1.   This Court has original jurisdiction over the claims in this action based on 28 U.S.C. §§1331, 1343,  2201, 2202, 15 U.S.C. §1692, 12 U.S.C. §2605, and 42 U.S.C. §1983 which confer original jurisdiction on federal district courts in suits to address the deprivation of rights secured by federal law.

3.2.   This Court also has supplemental jurisdiction over any pendant state law claims because they form a part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. §1367.

3.3.   This Court has original jurisdiction over the claims in this action based on 28 U.S.C. §1332 which confers original jurisdiction on federal district courts in suits between diverse citizens that involve an amount in controversy in excess of $75,000.00.  In the case at bar, all of the Defendants and the Plaintiff are diverse based upon the current

VERIFIED COMPLAINT

construction of that language under 28 U.S.C. §1332. Every issue of law and fact in this action is wholly between citizens of difference states. The actual Mortgage at issue in this case is in the amount of $770,000.00. As such, Plaintiff contends, is informed and believes that this court has jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(1).

3.4. The unlawful conduct, illegal practices, and acts complained of and alleged in this Complaint were all committed in this District of California and involved real property that is location in this District of California. Therefore, venue properly lies in this District, pursuant to 28 U.S.C. §1391(b).

3.5. Plaintiff is now, and at all times mentioned herein, an individual who is a citizen of the United States of America and resides at 3256 Greystone Drive in the City of Jamul, in the State of California.

3.6. At all relevant times, Bank of America, N.A. is a national association organized under the laws of the United States has a principal place of business located at 401 North Tryon Street – Charlotte in the State of North Carolina and is incorporated in the State of Delaware.

3.7. At all relevant times, the Trustee of the MLMI Trust, LaSalle Bank, N.A., has a principal place of business located at 135 South LaSalle Street - Chicago in the State of Illinois and is incorporated in the State of Delaware.

3.8. At all relevant times, the Merrill Lynch Mortgage Investors Trust Series 2006-HE6 Trust (MLMI Trust) has a principal place of business c/o 135 South LaSalle Street - Chicago in the State of Illinois.

3.9. At all relevant times, Mortgage Electronic Registration Systems, Inc.

VERIFIED COMPLAINT

(MERS) has a principal place of business located at 1595 Spring Hill Road, Suite 310 – Vienna, Virginia 22182 and is incorporated in the State of Delaware with its registered agent located at 1209 Orange Street – Wilmington, Delaware.

## 4.  BACKGROUND

4.1.  Plaintiff purchased his current residential home located at 3256 Greystone Drive, Jamul, California ("Property"); sometime in late 2006.

4.2.  On or about April 7, 2011, Plaintiff received a "Debt Validation Notice" from Defendant BofA's agent (Recontrust); alleging that a debt is owed to BofA in the amount of $878,744.72; and unless Plaintiff, *"within (30) days after receipt of this letter, dispute the validity of the debt or any portion of the debt, RECONTRUST COMPANY, N.A. will assume the amount to be valid."* attached hereto as Exhibit "1".

4.3.  On or about April 11, 2011 Plaintiff received a copy of a recorded *"Notice of Default and Election to Sell Under Deed of Trust"* (hereinafter "NOD"), from Recontrust, which alleges that Plaintiff is in default under a Deed of Trust recorded against Plaintiff's property on 08/18/2006, as Instrument No. 2006-0605551 of Official Records in the Office of the County Recorder of San Diego County, California, attached hereto as Exhibit "2".

4.4.  On or about April 15, 2011 Plaintiff received a recorded *"Corporation Assignment of Deed of Trust"* (hereinafter "Assignment") signed by T. Sevillano as Assistant Secretary of Mortgage Electronic Registration Systems, Inc.

4.5.  On April 22, 2011 Plaintiff responded to Recontrust with a verified Notice Disputing all the allegation in the Notice of Default and the legitimacy of

VERIFIED COMPLAINT

the referenced Deed of Trust; Dispute Notice attached hereto as Exhibit "3", and by this reference incorporated herein.

4.6.   Defendants failed to respond to Plaintiff's Notice.

4.7.   On May 17, 2011 Plaintiff served U.S. Bank, BofA, and Recontrust with a *"GOOD FAITH DISCOVERY NOTICE VERIFICATION OF PROOF OF CLAIM"*, attached hereto as Exhibit "4", and by this reference incorporated herein.

4.8.   Defendants failed to respond to Plaintiff's 2nd Notice.

4.9.   On June 14, 2011 Plaintiff served BofA and Recontrust with another Notice entitled *"NOTICE OF FAULT - OPPORTUNITY TO CURE - DISPUTE OF DEBT AND NOTICE OF DEFAULT"*, attached hereto as Exhibit "5", and by this reference incorporated herein.

4.10.   Defendants failed to respond to Plaintiff's 3rd Notice.

4.11.   Defendants have failed to respond properly or rebut Plaintiffs numerous Notices and Claims.

4.12.   **Plaintiff did not (and does not) authenticate, nor offer any belief in the validity of any of the referenced documents recorded against the subject Property, for the exception of the Grant Deed.**

## 5.   FACTUAL ALLEGATIONS

### A.   THE SECURITIZATION AUDIT.

5.1.   During the Mortgage Boom Era of 2002-2007 Wall Street Investors looked to feed their insatiable and reckless greed for profit by tapping directly into the American Dream – Homeownership.   Mortgage lenders and investment banks aggressively lured the American people into predatory

loans with teaser interest rates and into purchasing homes with inflated appraisals and under promise that the booming real estate market would continue to boom. Wall Street took the soon to be toxic loans and bundled them into "Mortgage Backed Securities" through a process known as "Securitization". These "Securities" were then sold to investors in the form of certificates, whereby the investors became the "Certificate Holders" of the securities that were to be fed by the toxic loans.

5.2. Knowing that the predatory loans would soon default and turn into toxic assets Wall Street placed their bets accordingly and bought exotic insurance products in the form of Credit Default Swaps.[1]

5.3. However in their rush to securitize the predatory loans Wall Street failed to actually follow its own rules and regulations creating the instant situation where the securities are not actually backed by any Mortgages at all. Under the standard model, the Promissory Notes were supposed to be sold and transferred into a trust pool ("Securitized Trust") that holds the Promissory Notes as collateral on the securities bought by investors ("Certificate Holders"). These "true sales" were designed to allow the original lenders to move the Promissory Notes off their books eliminating the need to maintain capital adequacy reserves against default. The purpose of securitizing collateral debt obligations was to provide a large supply of money to lenders for originating loans and to provide

---

[1] In 1995 JPMorgan created the Credit Default Swap (CDS). Essentially a CDS is a form of insurance intended to protect the buyer of the policy in case the borrower defaults on the loan. The borrower defaults, the buyer of the CDS receives a large payout for the cash value of the defaulted loan. The main difference between a traditionally insurance policy and a CDS is that anyone can purchase a CDS even those who have no direct insurable interest in the lender. CDSs allowed investors to bet against the average American to default on their mortgage with little risk. CDS insurance was especially attractive to investors who had knowledge of the subprime mortgage industry since they knew the likelihood of default on those loans was much higher. Notable, AIG Insurance Company "AIG" and insurance carrier who owned a considerable market share of these CDS policies was unable to make good on these policies after the housing bubble burst resulting in AIG seeking a government bailout. See Justin Fox's "Why The Government Wouldn't' Let AIG Fail" (Time Magazine, September 16, 2008)

VERIFIED COMPLAINT

1   investment to bond holders – which were expected to be relatively safe.

5.4.   The securitized trust, if ever formed properly are subject to and governed by (a) the Pooling and Servicing Agreement of the trust; (b) the Mortgage and loan agreement; (c) the 424(b)(5) Prospectus; (d) the common law rules of Delaware or New York, depending upon the origin of the trust; and (e) Internal Revenue Code §860(a)-860(g) better known as the Real Estate Mortgage Investment Conduit (REMIC) Rules.

5.5.   The essential aspect of the Mortgage securitization process is that the **trust must obtain and maintain good title to the Mortgage loans comprising the pool for that certificate offering**.  This is necessary in order for the trustee of the purported securitized trust to be legally entitled to enforce the Mortgage loans in case of default. In addition to other required documentation to complete the collateral file of any given loan, <u>two documents relating to each Mortgage must be validly transferred to the trust as part of the securitization process</u>: the Promissory Note signed by the borrower and the security instrument (Deed of Trust or Mortgage) also allegedly signed by the borrower.  **In this case, on information and belief, neither document was validly transferred.**  It's unclear to Plaintiff at this time if such documents actually exist.

5.6.   On or about June 8, 2011 Plaintiff obtained a Forensic Audit Report by Forensic Professionals Group USA, Inc. ("FPG") related to the subject property.   FPG provides highly qualified expert forensic mortgage analysis, discovery, investigation and reporting (see Exhibit "6", attached hereto and incorporated here by this reference the Forensic Audit).

5.7.   On or about June 9, 2011 Plaintiff's obtained a securitization audit

VERIFIED COMPLAINT

performed by Housing Mortgage Consultants, Inc. ("HMC") related to the subject property.  HMC are experts in the area of lender legal standing as well as securitization of audits (see Exhibit "7", attached hereto and incorporated here by this reference the Securitization Audit):

5.7.1.  Novastar Mortgage, Inc. allegedly loaned $770,000.00 to Mortgagee, Firas Haddad on August 18, 2006.  Allegedly Firas Haddad signed a Promissory Note and a Mortgage which was recorded against title to memorialize this transaction.

5.7.2.  Novastar Mortgage, Inc. sold the Promissory Note to the "Sponsor" within thirty days of the origination of the loan.

5.7.3.  The Sponsor sold the Promissory Note to the "Depositor" on the closing date of the MLMI Trust.

5.7.4.  The Depositor sold the Promissory Note along with approximately five hundred other loans to the Merrill Lynch Mortgage Investors Trust Series 2006-HE6 Trust, a New York based REMIC (Real Estate Mortgage Investment Conduit) Trust (the "MLMI Trust").

5.7.5.  The MLMI Trust closed all transactions involving all purchased loans according to the Pooling and Servicing Agreement ("PSA") associated with that Trust.

5.7.6.  The MLMI Trust is the alleged current owner of original Promissory Note pursuant to its purchase of the Promissory Note from the Depositor.

5.7.7.  The LaSalle Bank, N.A. is the current Trustee of the MLMI Trust.

5.7.8.  According to the Pooling and Servicing Agreement ("PSA") for the

VERIFIED COMPLAINT

Trust, the Promissory Notes purchased by the Trust are dissolved and become income streams for investors in the Trust.

5.7.9. The Pooling and Servicing Agreement ("PSA") states that only the beneficiaries of the Trust have the legal right to take any action to initiate foreclosure. The Beneficiaries of the Trust have never conferred authority upon the Trustee to initiate foreclosure activities against the Plaintiff relating to the property.

**B.**   **MORTGAGE DEFAULT INSURANCE PAID OFF THE NOTE.**

5.8.   According to the Pooling and Servicing Agreement ("PSA") the MLMI Trust purchased Mortgage Default Insurance from AIG Insurance Company. This insurance was purchased in order for the MLMI Trust to obtain a credit rating from Moody's or similar Credit Rating service for purposes of selling securities.

5.9.   The purpose of obtaining a Credit Rating for the MLMI Trust was to allow the MLMI Trust to sell Mortgage Backed Securities ("MBS") to investors.

5.10.   According to the Default Insurance Policy purchased by the MLMI Trust, the Trustee of the MLMI Trust can apply for insurance payoff of any loan that is "in default" considered to be a loan for which three consecutive mortgage payments were not made.

5.11.   Plaintiff alleges that the Trustee of the MLMI Trust applied for the pay-off of the loan balance of Plaintiff's loan after Plaintiff did not make three consecutive payments as outlined in the Mortgage Default Insurance Policy. As such, <u>Plaintiff claims the Promissory Note associated with the Mortgage/Deed of Trust has been paid–off in full.</u>

**C.**   **NOVASTAR MORTGAGE, INC. FAILED TO PROPERLY TRANSFER**

VERIFIED COMPLAINT

**PLAINTIFF'S NOTE AS WELL AS THE DEED OF TRUST TO MLMI TRUST.**

5.12.   Under California Law to perfect the transfer of Mortgage paper as collateral the owner should physically deliver the Promissory Note to the transferee. _Bear vs. Golden Plan of California, Inc_. 829 F.2nd 705, 709 (9th Cir. 1986). Without physical transfer, the sale of the Promissory Note could be invalid as fraudulent conveyance, (California Civil Code §3440) or as unperfected assignment pursuant to California Commercial Code §§9313-9314. (See Roger Bernhardt California Mortgages and Deeds of Trust and Foreclosure Litigation §1.26 (4th Edition 2009).

5.13.   The Promissory Note in the case at bar was originated by Novastar Mortgage, Inc. Novastar Mortgage, Inc. is now out of business and is no longer an operating company. Prior to going out of business, Novastar Mortgage, Inc. failed to property assign or indorse any documentation which will allow either the MLMI Trust or Bank of America, N.A. to claim ownership or control over Plaintiff's Promissory Note.

5.14.   As part of the formation of the Deed of Trust, Mortgage Electronic Registration Systems, Inc. (MERS) was assigned the beneficial ownership of the Deed of Trust pertaining to Plaintiff's property. Under the formation of the Deed of Trust, Mortgage Electronic Registration Systems, Inc. (MERS) was designated as the beneficiary of the Deed of Trust on behalf of Novastar Mortgage, Inc., its successors as assigns.

5.15.   Despite the fact that neither the MLMI Trust nor Bank of America, N.A. or any other party received any endorsed assignment of the originating Promissory Note allegedly signed by Plaintiff on August 18, 2006, Bank of America, N.A. has been sending mortgage statements to Plaintiff

VERIFIED COMPLAINT

expecting payment.   However, Bank of America, N.A. does not own Plaintiff's Promissory Note and to Plaintiff's knowledge has no legal relationship to the current owner of Plaintiff's Promissory Note (should one actually exist) which is the MLMI Trust.

5.16.   Furthermore, there is no evidence that the Promissory Note payable to Novastar Mortgage, Inc. originally has ever been endorsed to any other party to this action including the MLMI Trust.

5.17.   Although the Securitization Audit indicates that the MLMI Trust purchased the Promissory Note from Novastar Mortgage, Inc., there is no record of any assignments or transfer of ownership of the Promissory Note from Novastar Mortgage, Inc. to the MLMI Trust.   Under the Consumer Credit Protection Act Title 15 USC §41, §1641(g), **any transfer of the Promissory Note to the MLMI Trust would be in violation of Federal Statute if those transfers were not recorded in the San Diego County Recorder's Office within 30 days of said transfer along with a written notification to Plaintiff that the transfer had occurred**.   In the case at bar, there are **no recorded assignments** of Plaintiff's Promissory Note from Novastar Mortgage, Inc. to the MLMI Trust within 30 days of the closing date of the MLMI Trust.

5.18.   Based upon the failure of Novastar Mortgage, Inc. or any other party to transfer the interest in the Promissory Note and Deed of Trust to the MLMI Trust, Plaintiff alleges that no transfer or assignment of the Promissory Note to either the MLMI Trust or to any other party occurred. Therefore, Plaintiff alleges that only Novastar Mortgage, Inc. has ownership of the Promissory Note allegedly originally signed by the Plaintiff.

VERIFIED COMPLAINT

5.19.   Plaintiff alleges that the failure of Novastar Mortgage, Inc. to record a transfer or assignment of the Deed of Trust to the MLMI Trust is a violation of the Pooling and Servicing Agreement ("PSA") of the MLMI Trust and therefore the underlying transaction or sale of the Plaintiff's Promissory Note to the MLMI Trust is invalid.  Plaintiff further alleges that any assignment of Plaintiff's Promissory Note or Deed of Trust to the MLMI Trust was assigned past the closing date of the MLMI Trust which was December 28, 2006.  Given the fact that neither the Promissory Note nor the Deed of Trust were properly assigned to the MLMI Trust or any other entity prior to December 28, 2006, the MLMI Trust never received proper title to the Promissory Note or the Deed of Trust.  All assets pertaining to the alleged sale of the Promissory Note and Deed of Trust to the MLMI Trust had to occur by the closing date of that trust which apparently occurred on December 28, 2006.  The fraudulent assignment of the alleged Deed of Trust in the case at bar involving Plaintiff was made on April 5, 2011 which was several years after the closing date of the MLMI Trust.  As such, the assignment to the MLMI Trust or to the servicing agent for the MLMI Trust, Bank of America, N.A. is invalid and a nullity.

5.20.   The parties involved in the alleged securitization and transfer of Plaintiff's Promissory Note and Mortgage failed to adhere to §2.01 of the PSA which requires that Plaintiff's <u>Promissory Note and Mortgage be properly endorsed, transferred, accepted and deposited with the securitized trust (or as custodian) on or before the "closing date" indicated on the prospectus</u>.  The "closing date" is the date upon which all Promissory Notes and Deeds of Trust/Mortgages must be transferred into the MLMI

VERIFIED COMPLAINT

Trust.  The failure to do so results in the Promissory Note and Deed of Trust/Mortgage not being part of the MLMI Trust res, such that it is not a loan that either Bank of America, N.A. or any servicer of the trust can attempt to collect on.

5.21.   The failure to deposit Plaintiff's Promissory Note into the MLMI Trust before the closing date is a violation of the PSA and of New York Trust Law.  Consequently, the MLMI Trust cannot claim any legal or equitable right, title or interest in the alleged Plaintiff's Promissory Note and Deed of Trust/Mortgage since neither the MLMI Trust, Bank of America, N.A. or any other entity cannot take any action which is not authorized by the securitization agreements that created and governed the MLMI Trust (REMIC).

5.22.   Plaintiff does not allege or assert that they are beneficiaries or parties to the PSA.  Rather, Plaintiff alleges that the failure to securitize his alleged Note makes it impossible for the MLMI Trust , Bank of America, N.A., and or any other servicing agent to claim, allege or assert that it was assigned, transferred or granted Plaintiff's Promissory Note or Deed of Trust/ Mortgage or any interest therein in any manner whatsoever.  Plaintiff also alleges that the failure to securitize his/her Promissory Note and Deed of Trust/Mortgage has resulted in an unperfected lien that Defendants cannot enforce in any manner whatsoever.[2]

---

[2] These allegations are identical to those brought by the Nevada Attorney General against Bank of America, BAC Home Loan Servicing and ReconTrust, in which Attorney General, Catherine Cortez Masto alleges that these entities engaged in unlawful and deceptive practices by misrepresenting to homeowners that they had authority to foreclose despite the fact that there were fatal deficiencies in transfers to the securitization trust. (State of Nevada vs. Bank of America, et al 3:11-cv-00135-RCJ (C.D.Nev. Aug. 30, 2011).  The AG concludes that: "these are not mere technicalities.  The PSAs spelled out specific procedures in order to ensure a proper transfer, protect the trust as the holders in due course and avoid subjecting the trust to taxation.  In addition, borrowers need to know the actual holders of their mortgages so that, for example, they can investigate and insert available defenses in foreclosures including that the agent of the Trustee lacks authority or standing under the note." (Id. @ pg. 146).

VERIFIED COMPLAINT

5.23.  Plaintiff further alleges that due to the invalidity of the transfer or assignment of the Promissory Note to the MLMI Trust that Plaintiff's obligation remains only to Novastar Mortgage, Inc., if anyone.

## D.    TRANSFER OF AN INTEREST IN THE MORTGAGE-DEED OF TRUST ALONE IS VOID.

5.24.  Plaintiff alleges that Novastar Mortgage, Inc. failed to properly transfer the ownership interests in Plaintiff's Promissory Note to the MLMI Trust under California Law, in order for Novastar Mortgage, Inc. to perfect the transfer of the Promissory Note to the MLMI Trust, Novastar Mortgage, Inc. had to physically deliver the Promissory Note to the MLMI Trust.

5.25.  In the case at bar, Novastar Mortgage, Inc. did not physically transfer Plaintiff's Promissory Note to the MLMI Trust.   In fact, Novastar Mortgage, Inc. allegedly sold the Promissory Note to two subsequent companies known as the Sponsor and the Depositor who purchased and were allegedly assigned the Promissory Note prior to the MLMI Trust purchasing the Promissory Note from the Depositor.  As such, there is break in the chain of title of ownership of the Promissory Note between Novastar Mortgage, Inc. and the MLMI Trust.   There is no valid assignment between these two companies.   There is no even blank assignment that is currently being held by the MLMI Trust which would allow the MLMI Trust to foreclose upon Plaintiff's property.  Essentially, there is no legal connection between the MLMI Trust and Plaintiff's property.

5.26.  Based upon the failure of Novastar Mortgage, Inc. or any other party to transfer the interest in the alleged Promissory Note and the Deed of Trust

VERIFIED COMPLAINT

to the MLMI Trust, the MLMI Trust and its servicing agent, Bank of America, N.A. have no legal ownership or interest in the Promissory Note. Therefore, neither the MLMI Trust or Bank of America, N.A. have any legal interest or ownership in the Deed of Trust security instrument.

5.27.  Plaintiff alleges that the failure of Novastar Mortgage, Inc. to record a transfer or assignment of the Promissory Note to the MLMI Trust renders the Deed of Trust a nullity.  The Promissory Note and the Deed of Trust are inseparable under both State and Federal Law *"the Promissory Note and the Mortgage are inseparable; the former is as essential, the latter as an incident.  An assignment of the Promissory Note carries the Mortgage with it but the assignment of the latter alone is a nullity."* Carpenter vs. Longin 82 US 271, 274 (1872).  In the case at bar, any third party that receives an assignment of the Deed of Trust receives nothing in the sense that the Deed of Trust is rendered a nullity if the Promissory Note itself is not also transferred.

### 6.  FIRST CAUSE OF ACTION
### QUIET TITLE

(As to All Defendants and All Persons Claiming by, through or Under Such Person, All Persons Unknown Claiming Any Legal or Equitable Right, Title, Estate, Lien or Interest in the Property described in the Complaint Adverse to Plaintiff's Title Thereto)

6.1.  Plaintiff hereby incorporates all previous paragraphs and Exhibits as if they are set forth at length, herein.

6.2.  Plaintiff is the owner of the real property located at 3256 Greystone Drive - Jamul, California 91935.

6.3.  The basis of Plaintiff's title is a deed granting the above-described property in fee simple to the Plaintiff.

---

VERIFIED COMPLAINT

6.4.   Plaintiff is seeking to quiet title against the claims of all Defendants including the claims of all possessors of the Note, the possessors of beneficial title and interest of the Mortgage (Deed of Trust) recorded against title to the property, the claims of all unknown Defendants whether or not the claim or cloud upon title is known to Plaintiff and the unknown, uncertain, or contingent claim, if any, of any Defendants named herein or otherwise unknown.

6.5.   Plaintiff is seeking to quiet title against the claims of all Defendants including the claims of all possessors of the Promissory Note as indicated in this complaint.  Plaintiff has offered to and is ready, willing and able to unconditionally tender his/her obligation.[3]

6.6.   Based on the facts and allegations asserted by Plaintiff in this action, Novastar Mortgage, Inc., the original owner and payor of the Plaintiff's Promissory Note never transferred the ownership of said Promissory Note to the MLMI Trust or to any other party, and only Novastar Mortgage, Inc. is entitled to receive payments or participate in the assignment of the underlying Mortgage or participate in any foreclosure activities related to the subject property.

6.7.   The case at bar, Novastar Mortgage, Inc. did not validly and legally transfer or assign its ownership interest in Plaintiff's Promissory Note to any other party including the MLMI Trust despite the fact that the MLMI

---

[3] Case law makes clear that Plaintiff is not required to allege a credible offer of tender not actual tender. (*Alicia vs. GE Money Bank*, C-09-00091 SBA, 2009 WL 2136969 at pg. 3 (N.D. Cal. July 16, 2009) ("… debtor must allege a credible tender of the amount of the secured debt…")  Moreover, tender is not required when the owners action attacks the validity of the underlying debt because the tender would constitute an affirmation of the debt. (*Sacchi vs. MERS*, CV-11-1658 AHM, 2011 WL 2533029 (C.D. Cal. June 24, 2011) at pg. 16 (citing *Onofrio vs. Rice* 55 Cal.App.4th 413, 424 (1997) See also *Foulkrod vs. Wells Fargo Financials of California, Inc.*, CV-11-732-GHK (C.D. Cal. May 31, 2011) ("… Requiring Plaintiff to tender the amount due on his loan at this time would be illogical and inequitable given that he disputes that Wells Fargo has any rights under the law.").  The assignment was fraudulently executed without any proper authority whatsoever of the originating lender of Plaintiff's loan or any party properly or legally connected to the originator of said loan.

VERIFIED COMPLAINT

Trust and/or its agent Bank of America, N.A. have been receiving mortgage payments from Plaintiff. Due to the fact that Novastar Mortgage, Inc. is now out of business, there is no party that can actually and validly enforce the terms of the underlying and original Promissory Note allegedly entered into between Plaintiff and Novastar Mortgage, Inc.

## 7. SECOND CAUSE OF ACTION
### DECLARATORY RELIEF
(AgainstAll Defendants)

7.1. Plaintiff hereby incorporates all previous paragraphs and Exhibits as if they are set forth at length, herein.

7.2. Plaintiff is informed and believes and thereon alleges that Defendants dispute Plaintiff's contentions and instead contend that they have valid ownership of the underlying Promissory Note.

7.3. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties regarding the Note and Trust Deed.

7.4. Section 2201(a) of title 28 of the United States Code states:

7.4.1. In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other

VERIFIED COMPLAINT

<u>legal relations of any injured party seeking such declaration, whether or not further relief is or could be sought</u>.   Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

7.5.   <u>Section 2202 of Title 28 of the United States Code status</u>:

    7.5.1.   Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

7.6.   Plaintiff contends that Novastar Mortgage, Inc. never properly transferred its legal ownership in Plaintiff's Promissory Note to the MLMI Trust or any other party.   As such, neither the MLMI Trust nor Bank of America, N.A., the MLMI Trust's appointed servicer has the legal right to collect mortgage payments from Plaintiff.

7.7.   Plaintiff contends that due to the fact that Novastar Mortgage, Inc. is out of business that the underlying Mortgage security instrument is now void based upon Novastar Mortgage, Inc.'s failure to validly assign the underlying Promissory Note for Plaintiff's loan to the MLMI Trust or to any other third party.   Without such a valid assignment, neither the MLMI Trust nor Bank of America, N.A. can validly participate in a foreclosure activity utilizing the Mortgage instrument allegedly executed by Plaintiff in favor of Novastar Mortgage, Inc.   Without a valid assignment of Plaintiff's Promissory Note, the Mortgage security instrument should be declare a nullity.

7.8.   Plaintiff therefore requests a judicial determination of the rights,

VERIFIED COMPLAINT

obligations and interest of the parties with regard to the Property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the Property.

7.9.    Plaintiff requests a determination of the validity of the current Mortgage (Deed of Trust) held against title to the property.

7.10.   Based on the above, Plaintiff seeks to quiet title and seek a removal of the security instrument known as the Deed of Trust/Mortgage that has been recorded against Plaintiff's title in that legal instrument is a nullity since the underlying Promissory Note it allegedly secures is unenforceable, has been paid off or has no proper owner given the invalid assignments referenced in this complaint.

## 8.   THIRD CAUSE OF ACTION
### WRONGFUL FORECLOSURE
(AgainstAll Defendants)

**A.    ONLY NOVASTAR MORTGAGE, INC. IS A TRUE BENEFICIARY UNDER PLAINTIFF'S DEED OF TRUST**

8.1.    Plaintiff hereby incorporates all previous paragraphs and Exhibits as if they are set forth at length, herein.

8.2.    The Defendants and each of them have recorded documents intending to foreclose upon Plaintiff's property, including the following: Notice of Default; Assignment of Deed of Trust; Assignment of Trustee; and Notice of Trustee Sale and Trustee Deed Upon Sale.  On information and belief, Plaintiff alleges that the Defendants and each of them have filed one or all of the aforementioned documents and recorded said documents against Plaintiff's title to Plaintiff's property.

VERIFIED COMPLAINT

8.3.   Plaintiff maintains that any and all documents recorded by these Defendants against Plaintiff's title are invalid if the entity seeking to enforce a Notice of Default or sale of Plaintiff's property is not also the beneficiary of the security instrument(s) known as the Deed of Trust (and Promissory Note) in the State of California.

8.4.   No party can conduct a valid foreclosure sale on behalf of any other party to this action because the only true beneficiary of Plaintiff's Deed of Trust is Novastar Mortgage, Inc.  Mortgage Electronic Registration Systems, Inc. (MERS) was listed as the original beneficiary under the Deed of Trust associated with Plaintiff's Promissory Note.  Therefore, due to Novastar Mortgage, Inc.'s failure to properly assign or transfer the Plaintiff's Promissory Note to any subsequent party, only Novastar Mortgage, Inc. could instruct Mortgage Electronic Registration Systems, Inc. (MERS) to foreclose.   Therefore, no other party to Plaintiff's foreclosure could possibly act legally in foreclosing upon Plaintiff's property or executing a notice of trustee sale unless Novastar Mortgage, Inc. or their representatives' signs said notice of trustee sale.  No other party to this action had the valid legal standing or ownership of Plaintiff's Promissory Note which would allow that entity to sign and record the notice of trustee sale.

8.5.   Since only Novastar Mortgage, Inc. owned the beneficial interest in Plaintiff's Deed of Trust, only Novastar Mortgage, Inc. had the right to file any notice of trustee sale or record said notice of trustee sale against title to Plaintiff's residence.  Any attempt to foreclosure sale of Plaintiff's home on behalf of any other party other than Novastar Mortgage, Inc. would be invalid and wrongful.

VERIFIED COMPLAINT

8.6.   Any alleged transfer of beneficial ownership in the Deed of Trust to any third party as a result of the execution of said assignment by MERS or any alleged agent of MERS is invalid.  MERS can only represent entities that are parties to the MERS agreement and/or members of MERS.  The MLMI Trust in this case known as the Merrill Lynch Mortgage Investors Trust Series 2006-HE6 Trust is not a member of MERS and as the alleged owner of the Promissory Note, only that entity could properly assign the beneficial ownership in the Deed of Trust to any third party after the Promissory Note was allegedly purchased by the MLMI Trust from Novastar Mortgage, Inc.

**B.    DEFENDANTS HAVE FAILED TO COMPLY WITH CALIFORNIA CIVIL CODE §2932.5.**

8.7.   The Defendants cannot validly foreclose upon Plaintiff's home based upon the Deed of Trust recorded against Plaintiff's title because the Defendants have failed to comply with California Civil Code §2932.5.

8.8.   Section 2932.5 provides that where there is an instrument, such as a Deed of Trust, which is intended to secure the payment of money the power of sale "*is part of the security and vest in any person **who by assignment becomes entitled to payment of the money secured by the instrument.  The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded.***"  Thus under §2932.5 the power of sale can only be exercised by an assignee who has recorded the assignment by which they acceded to the original lenders interest in the property.  As the court stated *In Re Salizar* 448 B.R. 814, 819-820 (Bankr. S.D.Cal. 2011); US Bank as the foreclosing beneficiary and assignee of the accredited interest in the loan, had to meet both requirements of Civil Code §2932.5 for the

foreclosure to be valid.   Under that statute, first, US Bank had to be entitled to payment of the secured debt.  <u>Civil Code</u> §2932.5; see also <u>Civil Code</u> §2936 (Deering 2010); <u>Comm. Code</u> §9203(a), (g) (Deering 2011); <u>*Carpenter vs. Longen*</u> 83 US 271, 274, (*the assignment of the Promissory Note carriers the Mortgage with it*);.... 2nd, <u>Civil Code</u> §2932.5 also requires that US Bank status as foreclosing beneficiary appear before the sale and the public record title for the property.

8.9.   Therefore, in order to comply with §2932.5 any entity attempting to foreclose on Plaintiff's property must have been entitled to payment under the Deed of Trust and must be a recorded beneficiary in the public chain of title prior to the date of the foreclosure sale.  In the instant case, however, no Defendant complied with 2932.5. Therefore, any proposed foreclosure is invalid.

8.10.   Based upon the foregoing, the Defendants and each of them must comply with §2932.5 by recording a document in the public chain of title reflecting from whom it acquired the beneficial interest in Plaintiff's Deed of Trust. Since no document exists in the public chain of title that conveys the beneficial interest in Plaintiff's Deed of Trust to the MLMI Trust or Bank of America, N.A. the Defendants have failed to comply with §2932.5 and therefore lack the power of sale.  Any foreclosure sale of the subject property on its behalf would be in violation of <u>California Civil Code</u> §2932.5 and therefore wrongful.

8.11.   For the reasons stated above, there is a likelihood that Plaintiff will prevail on the merits of the wrongful foreclosure claim.   If Defendants are permitted to rely upon the void and wrongful Notice of Default; Assignment of Deed of Trust; Assignment of Trustee and/or a Notice of

VERIFIED COMPLAINT

Trustee Sale or Trustees Deed Upon Sale, Plaintiff will wrongfully lose his home.  Such injury is irreparable and cannot be adequately compensated by financial means.   Moreover, real property is considered unique in California and monetary damages are deemed inadequate to compensate Plaintiff for the loss thereof. (*Stockton vs. Newman*, 140 Cal.App.2nd at 558, 564 (1937).

8.12.   Novastar Mortgage, Inc. allegedly has sold Plaintiff's Promissory Note to MLMI Trust Series 2006-HE6 Trust pursuant to the analysis performed in the Securitization Audit.  However, evidence will be shown to the court that Novastar Mortgage, Inc. never properly assigned, transferred or completed the sale of Plaintiff's Promissory Note to the MLMI Trust or to any other party.

8.13.   No Defendant associated with the underlying Mortgage or Promissory Note can conduct a valid foreclosure sale on behalf of Novastar Mortgage, Inc. in this action because the only true beneficiary of Plaintiff's Mortgage is Novastar Mortgage, Inc.  As a result, only Novastar Mortgage, Inc. has the legal right to foreclose (and only after default) upon Plaintiff's property using the original Mortgage instrument.   Shortly after the Plaintiff entered into the Promissory Note and any alleged Mortgage agreement with Novastar Mortgage, Inc., the Promissory Note was securitized and sold to the MLMI Trust.  However, as aforesaid, Novastar Mortgage, Inc. never properly transferred, signed or validly effectuated the sale of the underlying Promissory Note to the MLMI Trust.  As such, the MLMI Trust does not have the legal right to foreclosure upon Plaintiff's property.

8.14.   In the original Mortgage, Novastar Mortgage, Inc. was listed as the lender

VERIFIED COMPLAINT

regarding Plaintiff's Promissory Note and Mortgage.  However, due to the fact that Novastar Mortgage, Inc. never properly transferred its interest and the Mortgage to the MLMI Trust or any other party, then the Mortgage instrument itself cannot be utilized by the MLMI Trust or any other party to foreclose.  Any such foreclosure utilizing the underlying Mortgage instrument by the MLMI Trust or any other third party other than Novastar Mortgage, Inc. is invalid and a wrongful foreclosure.

### 9.  FOURTH CAUSE OF ACTION
### SLANDER OF TITLE
(Against All Defendants)

9.1.   Plaintiff hereby incorporates all previous paragraphs and Exhibits as if they are set forth at length, herein.

9.2.   On information and belief Plaintiff alleges that the Defendants have prepared and caused an Assignment of Deed of Trust as well as an Assignment of Trustee to be recorded against Plaintiff's title.  However, Plaintiff alleges that the individual or individuals who executed these legal documents did so without any legal or corporate authority whatsoever.  The assignment of the Deed of Trust alleges that for value received.  In fact, Plaintiff alleges that the individual who executed the Assignment of Deed of Trust did so without any legal or corporate authority whatsoever.

9.3.   The person or party who executed the Assignment of Deed of Trust was never, in any manner whatsoever, appointed as the Assistant Secretary by the Board of Directors of Mortgage Electronic Registration Systems, Inc. (MERS) as required by Mortgage Electronic Registration Systems, Inc. (MERS)'s Corporate Bylaws and as an adopted corporate resolution by the

VERIFIED COMPLAINT

1    Board of Directors of Mortgage Electronic Registration Systems, Inc.

2    (MERS). For that reason, the individual who executed the assignment of

3    the Assignment of Deed of Trust never had nor has any corporate or legal

4    authority to have executed the purported assignment.

5    9.4.    The person or party who executed the assignment of Trustee was never

6    nor has had any corporate or legal authority to of executed that purported

7    assignment. Therefore, the Assignment of Trustee that has been recorded

8    against Plaintiff's title is invalid (see Exhibit 6 - FPG Forensic Report, page

9    6 line 7, page 15 line 43, page 17, page 18 line 23).

10

11    9.5.    The assignment was a legally nullity. MERS is not listed as a lender on the

12    alleged promissory note and therefore had no authority to assign the note

13    (See Exhibit 7 - HMC Securitization Audit page 6: (a), (c), and (f)).

14    Assuming arguendo, that Plaintiff signed a promissory note over to

15    Novastar Mortgage, Inc.; and that  MERS did assign the Deed of Trust,

16    **MERS could not have assigned the alleged promissory note**, as MERS

17    had no right, title or interest in the promissory note. It is a long

18    established legal principle, that **assigning the Deed of Trust without**

19    **assigning the underlying note, is a legal nullity.** *Schleef v. Purdv.* 107 OR

20    71, (1923); *Futrell v. Wagner*: 98 Or App 27(1988); *Flyer v. Sullivan*. 284 A.D.

21    897 (1954); *Hill V. Favour*. 84 P.2d 575(1938); *US v. Hoffman*. 826 P.2d

22    340(1992). *"The assignment of the lien without a transfer of the debt*

23    *was a nullity in law."* (*Polhemus v. Trainer*, 30 Cal. 685; Peters v. Jamestown

24    Box Co., 5 Cal. 334; *Hyde v. Mangan*, 88 Cal. 319; Jones on Pledges, secs.

25    418, 419; *Van Ewan v. Stanchfield*, 13 Minn. 75.). *"A lien is not assignable*

26    *unless by the express language of the statute."* (Jones on Liens, sec. 982;

27    Wingard v. Banning, 39 Cal. 343; Ruggles v. Walker, 34 Vt. 468; *Wing*

*v. Griffin,* 1 Smith, E.D. 162; *Holly v. Hungerford,* 8 Pick. 73; *Daubigny v. Duval,* 5 Tenn. 604.) CALIFORNIA SUPREME COURT, DAVIS, BELAU & CO. V. NATIONAL SUR. CO., 139 CAL 223, 224 (1903). *"The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity."* CARPENTER V. LONGAN, 83 U. S. 271 (1872), U.S. Supreme Court. See Exhibit 6 - FPG Report page 4 (a) thru (e). As such, any beneficiary either became an unsecured alleged creditor, with absolutely no right to foreclose, or if the assignment was ineffective, then Defendant BofA had no authority to appoint Recontrust as agent, and Recontrust had no authority to issue a Notice of Default.

9.6.  The assignment is a fraudulent lien claim and the execution, filing and recordation of the document was created for the purpose of facilitating and aiding and abetting the illegal, deceptive and unlawful collection of Plaintiff's Mortgage payments as well as engaging in other debt collection activities.

9.7.  The assignment is a fraudulent lien claim and the execution, filing and recordation of the document was created for the purpose of facilitating and aiding and abetting the illegal, deceptive and unlawful collection of Plaintiff's Mortgage payments as well as engaging in other debt collection activities.

9.8.  Due to the fraudulent acts of Defendant(s) and the associated California Notary Public (Ahmad Afzal), Plaintiff has filed an official Complaint with the State of California Secretary of State - Notary Public Section (attached hereto as Exhibit 8, and by this reference incorporated herein).

VERIFIED COMPLAINT

9.9.    Attempting to assign or transfer a Deed of Trust by itself as Defendants did here, does not allow the enforcement of Plaintiff's Promissory Note and Deed of Trust/Mortgage.   As alleged herein, Plaintiff's Promissory Note was not properly negotiated, endorsed and transferred to any third party after it was originated by Novastar Mortgage, Inc.

9.10.   On information and belief, none of the Defendants were/are present holders in due course of Plaintiff's Promissory Note such that they can enforce Plaintiff's obligation and demand Mortgage payments.

9.11.   On information and belief, Defendants were not and are not a non-holder in possession of Plaintiff's Promissory Note who have the rights of the holder.

9.12.   If there is a holder in due course of Plaintiff's Promissory Note at issue, pursuant to <u>California Commercial Code</u> §3301, et seq., and or the PSA it is the entity that can establish a pecuniary, legal and equitable interest in the property and provide an unbroken chain of title from the origination of Plaintiff's Promissory Note to the current ownership of the Plaintiff's Promissory Note.[4]

**A.    THE SUBSTITUTION OF TRUSTEE AND THE ASSIGNMENT OF DEED OF TRUST ARE ALL FRAUDULENT DOCUMENTS.**

9.13.   The original Deed of Trust names Quality Loan Services as Trustee.

---

[4] The testimony of Linda DeMartini, a 10 year litigation manager for Countrywide, in the case known as *In Re Kemp*, case no. 08-18700-JHW (Bankr. D.N.J. Nov. 16, 2010) exposed the shody handling of mortgage notes and deeds of trust of securitized mortgages required to perfect "holder in due course" status.  In that case, Linda DeMartini described how Countrywide failed adhere to the most rudimentary of securitization procedures such as transferring the original Promissory Note to the trust that had purchased the loans as required under the Pooling and Servicing Agreement. Ms. DeMartini testified that it was the standard practice for Countrywide to warehouse the original mortgage notes which were stored in Simi Valley, California, despite securitization contracts that required the notes to be physically transferred to sponsors, trustees or custodians of the securitized trust. Ms. DeMartini's testimony has been corroborated by Abigail Field of CNN who reviewed foreclosure files in two New York Counties between 2006 and 2010 in which Bank of New York was foreclosing on behalf of a Countrywide Securitized Trust and found that none of the 104 loans that were examined were endorsed by Countrywide ("... if the lack of endorsement on these notes is typical and 104 out of 104 suggest that it is the problem occurs across Countrywide Securities." See Abigail Field, at Bank of America, more and complete mortgage docs raise more questions. Fortune Magazine June 3, 2011)

9.14.   Plaintiff on information and belief believes that the Defendants and each of them have caused a document purporting to be a Substitution of Trustee to be recorded against Plaintiff's title.   The substitution was purportedly signed by an employee of either Mortgage Electronic Registration Systems, Inc. (MERS) or Bank of America, N.A.   Plaintiff alleges that no such transfer ever occurred and that the individual who executed the assignment is not an employee of either Mortgage Electronic Registration Systems, Inc. (MERS) or Bank of America, N.A.  But rather by a "Robo-Signer" as identified in the Forensic Report by FPG (see Exhibit 6 - Forensic Report, page 6 line 7, page 15 line 43, page 17, page 18 line 23).

9.15.   Provision 24 of the Deed of Trust governs the Substitution of Trustee.   It provides in relevant part: "lender, at its option may from time to time appoint a successor trustee to any trustee appointed hereunder by an instrument executed and acknowledged by a lender…. this procedure for a Substitution of Trustee shall govern to the exclusion of all other provisions for a substitution."

9.16.   In violation of Provision 24 of the <u>California Civil Code</u> §2934(a) the lending party failed to file a valid Substitution of Trustee substituting the original Trustee of the Deed of Trust for a new Trustee.  Plaintiff alleges that the recorded Substitution of Trustee is void because neither Mortgage Electronic Registration Systems, Inc. (MERS) nor Bank of America, N.A. were the current owners or beneficiaries of the Deed of Trust at the time of the execution of the substitution.

9.17.   The Defendants recorded a Substitution of Trustee claiming that as the present beneficiary of the Deed of Trust it desired to substitute a new Trustee in place and instead of the original Trustee indicated in the Deed

VERIFIED COMPLAINT

of Trust at the time of Plaintiff's execution or at the time of the origination of the loan. Plaintiff alleges that no such substitution validly occurred.

9.18.   As a result, the Substitution of Trustee is a fraudulent document and the execution, filing and recordation of the document was created for the purpose of facilitating and aiding and abetting the illegal, deceptive and unlawful collection of Plaintiff's Mortgage payments.

9.19.   The title to Plaintiff's property has been rendered unmarketable and unsaleable because the possibility of multiple claims being made against Plaintiff's debt and underlying security (the subject property). If the assignment of Deed of Trust is not cancelled and set aside, Plaintiff will be incurable prejudice. Plaintiff will be denied the opportunity to identify and negotiate with his true creditor and exercise his right to verify and validate any alleged debt.

9.20.   As discussed above, the assignment of Deed of Trust and the assignment of trustee documents filed against Plaintiff's title were invalid given the fact that no valid entity owning Plaintiff's Promissory Note executed those documents. Since no valid beneficiary of the purported Deed of Trust executed any of the above-referenced documents, the assignment of Deed of Trust, the assignment of trusteeship and any other documents including the Notice of Sale are not valid.

9.21.   The Defendants that caused the recordation of the aforementioned Assignment of Deed of Trust, Assignment of Trustee and/or the Notice of Trustee Sale were therefore false, knowingly wrongful without justification in violation of statute, unprivileged and cause doubt to be placed on Plaintiff's title to the property. The false recordation of the

VERIFIED COMPLAINT

aforegoing documents directly impairs the vendibility of Plaintiff's property on the open market in the amount of a sum to be proved at trial.

9.22.  The Notice of Default that was filed (or caused to be filed) by Defendant(s) States, *"That by reason thereon, the present beneficiary under such deed of trust has <u>executed and delivered to RECONTRUST COMPANY, N.A. such deed of trust and all documents evidencing obligations secured thereby;</u>* however, Defendant(s) do not have the original promissory note or the Deed of Trust, nor do they provide any documents evidencing obligations secured thereby.

9.22.1.  According to <u>California Penal Code</u> § 115 in pertinent part:

> *"(a) Every person who files any false or forged document or instrument with the county recorder which affects title to, places an encumbrance on, or places an interest secured by a mortgage or deed of trust on, real property consisting of a single-family residence containing not more than four dwelling units, with knowledge that the document is false or forged, is punishable, in addition to any other punishment, by a fine not exceeding seventy-five thousand dollars ($75,000).*

> *(b) Every person who makes a false sworn statement to a notary public, with knowledge that the statement is false, to induce the notary public to perform an improper notarial act on an instrument or document affecting title to, or placing an encumbrance on, real property consisting of a single-family residence containing not more than four dwelling units is guilty of a felony."*

9.23.  In addition, Defendant(s) have violated <u>California Evidence Code</u> § 669, which states in pertinent part:

VERIFIED COMPLAINT

*"(a) The failure of a person to exercise due care is presumed if:*

*(1) He violated a statute, ordinance, or regulation of a public entity;"*

9.23.1. The California Declaration contained in the Notice of Default of the BofA agent / employee is false as Plaintiff was not contacted by such a person. Therefore, Defendant(s) are guilty of a felony for recording the Notice of Default with a false instrument, pursuant to California Penal Code § 115.

9.23.2. Since Defendant(s) have violated a statute, the failure of them to exercise due care is presumed.

9.24. Recontrust had no authority to file the Notice of Default as the alleged Deed of Trust names Quality Loan Services as Trustee and no where in the official records can one find that the trustee was substituted or Recontrust is an agent of beneficiary according to the alleged Deed of Trust.

9.25. The recording of the aforegoing documents have made it necessary for Plaintiff to retain attorneys and to bring this action to cancel the instruments casting doubt on Plaintiff's title. Therefore, Plaintiff is entitled to recover attorney fees and costs incurred in canceling the aforesaid documents and instruments.

## 10. <u>FIFTH CAUSE OF ACTION</u>
### VIOLATION OF CALIFORNIA CIVIL CODE §2923.5
(AgainstAll Defendants)

10.1. Plaintiff hereby incorporates all previous paragraphs and Exhibits as if they set forth at length, herein.

10.2. The Defendants and each of them have violated <u>California Civil Code of Procedure</u> §2923.5 by failing to contact Plaintiff in person or by telephone

VERIFIED COMPLAINT

at least 30 days prior to recording the Notice of Default in this case. The statement in the notice of default stating that someone tried with due diligence to contact the borrower as required under §2923.5 is false because although signed under oath, Defendants and each of them failed to exercise due diligence in attempting to contact Plaintiff as required by §2923.5. In fact, the Plaintiff was never contacted by any of the Defendants to discuss his alleged loan or ways to avoid foreclosure as required by that statute.

10.3.  The Defendants failure to comply with the notice and contact requirements of §2923.5 renders the notice of default and all subsequent proceedings based on said notice, including the notice of trustee sale, to be invalid and void. (See *Mabry vs. Superior Court*, 185 Cal.App.4th 208, 236-237 (2010). (Notice of Default which fails to comply with §2923.5 is invalid and a non-judicial foreclosure may only proceed if a new, valid notice of default is recorded).

## 11. <u>SIXTH CAUSE OF ACTION</u>
## VIOLATION OF BUSINESS PROFESSIONS CODE
## §17200, ET SEQ.
### (Against All Defendants)

11.1.  Plaintiff hereby incorporates all previous paragraphs and Exhibits as if they are set forth at length, herein.

11.2.  Defendants conduct, for the reasons stated herein, is in direct violation of <u>12 U.S.C.</u> §2605(e), et seq.

11.3.  Defendants conduct for the reasons stated herein also violates <u>California Business Professions Code</u> §17200, et seq. which prohibits acts of unfair competition, which means and includes any unlawful, unfair or

VERIFIED COMPLAINT

fraudulent business practice and conduct which is likely to deceive and is fraudulent in nature.

11.4.   As more fully described above, Defendants acts and practices are unlawful, unfair and fraudulent.  This conduct is ongoing and continues to this date.

11.5.   The Defendants have engaged in unfair and unlawful and fraudulent business practices with respect to Mortgage loan servicing, and related matters by, among other things: (a) executing and recording false and misleading documents; (b) executing and recording documents without the legal authority to do so; (c) failing to disclose the principal for which documents were being executed and recorded in violation of California Civil Code §1095; (d) demanding and accepting payments for debts that were non-existent; (e) reporting payments as late to credit bureaus without the legal right or authority to do so; (f) acting as a beneficiary without the legal authority to do so; and (g) violating California Civil Code §2923.5 by failing to contact Plaintiff in person or by telephone at least 30 days prior to recording the Notice of Default filed against Plaintiff's title as well as the filing of other documents in violation of that statute.

11.6.   As more fully described above, Defendants acts and practices are likely to deceive members of the public.

11.7.   As more fully described above, Defendants acts and practices are unfair and the harm caused by the conduct outweighs any benefits that the conduct may have.

11.8.   Plaintiff alleges that by engaging in the above-described acts and/or

VERIFIED COMPLAINT

practices as alleged herein, Defendants have violated California Business and Professions Code §17200, et seq. and must be required to disgorge all profits related to their unfair, unlawful and deceptive business practices.

11.9.   Based on the violation of Civil Code §2923.5, Defendants violated Business and Professions Code §17200.  These violations cause Plaintiff to suffer an injury in fact by placing Plaintiff's interest in the subject property in jeopardy by instituting foreclosure proceedings and also by causing monetary damages in an amount to be proven at time of trial.

11.10.   Pursuant to <u>California Code of Civil Procedure</u> §1021.5 Plaintiff is entitled to recover his reasonable attorney fees, costs and expenses incurred in bringing this action.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff, will ask for the following for each Cause of Action to be awarded:

### FIRST CAUSE OF ACTION

1.   For Attorney's Fees and Costs of this action;

2.   For Judgment for Quiet Title rendering any and all security instruments including Mortgages or Deed of Trust recorded against the Property invalid or void.

3.   No Defendant or any other party has an enforceable secured or unsecured claim against title to the Property.

4.   Neither the Merrill Lynch Mortgage Investors Trust Series 2006-HE6 Trust nor any other financial institution have an enforceable secured or unsecured claim against the Property; and

VERIFIED COMPLAINT

5. All Mortgages or Deeds of Trust recorded against the Property are hereby deemed void. The current Trustee of the Mortgage in this case should reconvey title to the subject Property to Plaintiff.

6. Enter any other relief to which Plaintiff may be entitled as a matter of law or equity, or which this court deems equable, just, and proper.

## SECOND CAUSE OF ACTION

1. For Declaratory Relief, including but not limited to the following Decrees of this Court that:

   a. Plaintiff is the prevailing party;

   b. No Defendant has the legal right to foreclose on Plaintiff's property;

   c. No Defendant has an enforceable secured or unsecured claim against the property;

   d. The original Mortgage is null and void due to the fact that the Note it was created to secure has been sold to third parties without any assignment of the Mortgage to those parties.

## THIRD CAUSE OF ACTION

1. For Compensatory Damages in an amount to be determined by proof at trial.

2. For Special Damages in an amount to be determined by proof at trial.

3. For General Damages in an amount to be determined by proof at trial.

4. For Punitive Damages as allowed by law.

5. For Restitution as allowed by law.

VERIFIED COMPLAINT

6. For Attorney's Fees and Costs of this action.

7. For Declaratory Relief, including but not limited to the following Decrees of this Court that:

    a.    Plaintiff is the prevailing party;

    b.    The Trustees of the MLMI Trusts have no enforceable secured or unsecured claim against the Property;

    c.    The Sponsor has no enforceable secured or unsecured claim against the Property;

    d.    The Depositor has no enforceable secured or unsecured claim against the Property; and

    e.    The Mortgage Originator has no enforceable secured or unsecured claim against the Property.

8. Enter any other relief to which Plaintiff may be entitled as a matter of law or equity, or which this court deems equable, just, and proper.

## FOURTH, FIFTH, and SIXTH CAUSE OF ACTION

1. For Compensatory Damages in an amount to be determined by proof at trial.

2. For Special Damages in an amount to be determined by proof at trial.

3. For General Damages in an amount to be determined by proof at trial.

4. For Punitive Damages as allowed by law.

5. For Restitution as allowed by law.

6. Enter any other relief to which Plaintiff may be entitled as a matter of law or equity, or which this court deems equable, just, and proper.

VERIFIED COMPLAINT

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial on all issues so triable.

Dated:  December 18th, 2012

Respectfully Submitted,

All Rights Reserved, Without Prejudice

By: _____

Firas Haddad, Plaintiff

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

VERIFIED COMPLAINT

## VERIFICATION

I, the undersigned, under my full commercial liability do affirm and state that the foregoing statements in the above document are true and correct based upon my understanding, information, knowledge and beliefs; and that I attest to the facts and this Verification and do know the contents to be true, correct, complete, and not misleading, the truth, the whole truth, and nothing but the truth.

Dated: December 18th, 2012

Respectfully Submitted,

All Rights Reserved, Without Prejudice

By: _____

Firas Haddad, Plaintiff

## NOTARY ACKNOWLEDGMENT

San Diego county          )
                          ) ss.
California state          )

On _Dec. 19 2012_ before me, _Debra L Stafford Notary_, a Notary Public personally appeared **Firas Haddad** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Debra L. Stafford_ (Seal)

/// 

/// 

/// 



DEBRA L. STAFFORD
Commission # 1947462
Notary Public - California
San Diego County
My Comm. Expires Aug 27, 2015

VERIFIED COMPLAINT