1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   FIRAS HADDAD,                          CASE NO. 12cv3010-WQH-
                                            JMA
12                          Plaintiff,
              vs.                           ORDER
13
     BANK OF AMERICA, N.A.; BAC
14   HOME LOAN SERVICING, LP;
     MORTGAGE ELECTRONIC
15   REGISTRATION SYSTEMS, INC.
     (MERS); LaSALLE BANK, N.A.; and
16   MERRILL LYNCH MORTGAGE
     INVESTORS TRUST SERIES 2006-
17   HE6,

18                          Defendants.

19   HAYES, Judge:

20          The matters before the Court are the Motions to Dismiss Plaintiff's First

21   Amended Complaint, filed by all Defendants.  (ECF Nos. 22, 25).

22   **I.     Background**

23          In August 2006, Plaintiff borrowed $770,000 from Novastar Mortgage, Inc.

24   (ECF No. 25-3 at 2).[1]  The loan was secured by a Deed of Trust encumbering the real

25   property at issue, 3256 Greystone Drive, Jamul, California.  *Id*. at 6.  The Deed of Trust

26   lists Novastar Mortgage, Inc. as the lender, Quality Loan Services as the trustee and

27   _____

28          [1] Pursuant to Federal Rule of Evidence 201 and Civil Local Rule 7.1(f)(3)(c), the
     unopposed Requests for Judicial Notice are granted.  (ECF Nos. 22-2, 25-2).

Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary.  (ECF No. 25-4 at 2).

On March 24, 2011, MERS assigned the beneficial interest under the Deed of Trust to "U.S. Bank, National Association, As Successor Trustee to Bank of America, N.A. As Successor By Merger to LaSalle Bank, N.A., As Trustee For The Certificate Holders Of The MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE6." (ECF No. 25-5 at 2).  This document was recorded on April 5, 2011.  *Id*. On March 28, 2011, a Notice of Default and Election to Sell under Deed of Trust was recorded.  (ECF No. 25-6 at 2).  On June 20, 2012, a "Notice of Rescission of Declaration of Default and Demand for Sale and of Notice of Default and Election to Sell" was recorded as to the Deed of Trust.  (ECF No. 25-8 at 2).

On December 19, 2012, Plaintiff, proceeding pro se, initiated this action by filing a Complaint in this Court.  (ECF No. 1).

On August 21, 2013, the Court granted the motion to dismiss the Complaint filed by all Defendants.  (ECF No. 19).  The Court dismissed the Complaint without prejudice for lack of personal jurisdiction as to Defendants Bank of America, N.A. ("Bank of America") and Merrill Lynch Mortgage Lending, Inc. ("Merrill Lynch"), and dismissed the Complaint without prejudice for failure to state a claim as to all remaining Defendants.

On September 20, 2013, Plaintiff filed the First Amended Complaint, which is the operative pleading.  (ECF No. 20).

**A.    Allegations of the First Amended Complaint**

Novastar Mortgage, Inc. was the original lender, and "the failure of Novastar Mortgage, Inc. to record a transfer or assignment of the Deed of Trust to [Defendant Merrill Lynch Mortgage Investors Trust Series 2006-HE6 ('MLMI Trust')] is a violation of the Pooling and Servicing Agreement ('PSA') of the MLMI Trust and therefore the underlying transaction or sale of the Plaintiff's Promissory Note to the MLMI Trust is void." *Id*. at 10.  "The parties involved in the alleged securitization and

transfer of Plaintiff's Promissory Note and Mortgage failed to adhere to §2.01 of the PSA which requires that Plaintiff's Promissory Note and Mortgage be properly endorsed, transferred, accepted and deposited with the securitized trust ... on or before the 'closing date' as indicated on the prospectus." *Id*. at 11. "The failure to deposit Plaintiff's Promissory Note into the MLMI Trust before the closing date is a violation of the PSA and of New York Trust Law. Consequently, the MLMI Trust cannot claim any legal or equitable right, title or interest in ... Plaintiff's Promissory Note and Deed of Trust/Mortgage since neither the MLMI Trust, Bank of America, N.A. or any other entity cannot take any action which is not authorized by the securitization agreements that created and governed the MLMI Trust." *Id.* "Due to the fact that Novastar Mortgage, Inc. is now out of business, there is no party that can actually and validly enforce the terms of the underlying and original Promissory Note allegedly entered into between Plaintiff and Novastar Mortgage, Inc." *Id*. at 14.

The First Amended Complaint asserts the following causes of action: (1) quiet title, (2) slander of title, (3) declaratory relief, and (4) violation of California Business and Professions Code § 17200. The Complaint alleges diversity subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.

**B.    Motions to Dismiss**

On October 7, 2013, Defendants Bank of America (individually and as successor by merger to BAC Home Loans Servicing, LP and LaSalle Bank, N.A.), Merrill Lynch (sued as the MLMI Trust), and MERS filed a Motion to Dismiss the First Amended Complaint. (ECF No. 22). On October 25, 2013, Defendant Nationstar Mortgage, LLC filed a Motion to Dismiss the First Amended Complaint. (ECF No. 25). Bank of America moves to dismiss the First Amended Complaint for lack of personal jurisdiction for failure to properly serve Bank of America pursuant to Federal Rule of Civil Procedure 4. All Defendants move to dismiss the First Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants contend that Plaintiff's underlying legal theory is without merit, and

1  Plaintiff lacks standing to maintain his claims.  Defendants contend that each of
2  Plaintiff's individual claims fail for other reasons.  Defendants request that the First
3  Amended Complaint be dismissed with prejudice.

4      On November 7, 2013 and November 25, 2013, Plaintiff filed oppositions to the
5  pending Motions to Dismiss.  (ECF Nos. 28, 30).  Plaintiff contends that the First
6  Amended Complaint adequately states claims for relief pursuant to the holding of
7  *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th 1079 (2013).  Plaintiff contends that
8  each of his individual causes of action are adequately pled.  Plaintiff states: "[I]f any
9  claims are insufficiently pled, Plaintiff requests leave to amend."  (ECF No. 28 at 17;
10  ECF No. 30 at 17).

11      On November 11, 2013 and December 5, 2013, Defendants filed replies in
12  support of the Motions to Dismiss.  (ECF Nos. 29, 31).

13  **II.    Standard of Review**

14      Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state
15  a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A pleading that
16  states a claim for relief must contain ... a short and plain statement of the claim showing
17  that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).  Dismissal under Rule
18  12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient
19  facts to support a cognizable legal theory. *See Balistreri v. Pac. Police Depot*, 901 F.2d
20  696, 699 (9th Cir. 1990).

21      "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
22  requires more than labels and conclusions, and a formulaic recitation of the elements
23  of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
24  (quoting Fed. R. Civ. P. 8(a)(2)).  When considering a motion to dismiss, a court must
25  accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662,
26  679 (2009).  However, a court is not "required to accept as true allegations that are
27  merely conclusory, unwarranted deductions of fact, or unreasonable inferences."
28  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "In sum, for a

complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

Pro se complaints are held to a less stringent standard than formal pleadings by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se plaintiff's complaint must be construed liberally to determine whether a claim has been stated. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). "Although a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

**III.   Discussion**

**A.   Personal Jurisdiction**

Defendant Bank of America contends that the Court lacks personal jurisdiction over it because the Court previously held that Plaintiff failed to effect proper service on Bank of America pursuant to Federal Rule of Civil Procedure 4, and Plaintiff has not corrected the previous improper attempt at service. In his opposition to Bank of America's Motion to Dismiss, Plaintiff failed to address Bank of America's contentions regarding personal jurisdiction and service of process.

Pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) and Civil Local Rule 7.1(f)(3)(c), the Motion to Dismiss Bank of America is granted. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("Once service is challenged, plaintiff[] bear[s] the burden of establishing that service was valid.") (citation omitted); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs.*, 840 F.2d 685, 687 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly [with the summons and complaint].... Without substantial compliance with [the Federal Rules of Civil Procedure] neither actual notice nor simply

1  naming the defendant in the complaint will provide personal jurisdiction.") (citations
2  omitted).

3  **B.    Standing**

4      Defendants contend that each of the causes of action of the First Amended
5  Complaint must be dismissed because Plaintiff lacks standing to maintain claims based
6  on alleged securitization violations and/or breaches of a pooling and servicing
7  agreement.  Plaintiff contends that he has standing for the reasons stated in *Glaski v.*
8  *Bank of America, N.A.*, 218 Cal. App. 4th 1079 (2013).

9      "[D]istrict courts have held that borrowers who were not parties to the assignment
10 of their deed—and whose rights were not affected by it—lacked standing to challenge
11 the assignment's validity because they had not alleged a concrete and particularized
12 injury that is fairly traceable to the challenged assignment." *Marques v. Fed. Home*
13 *Loan Mortg. Corp.*, No. 12-cv-1873-IEG, 2012 WL 6091412, at *4 (S.D. Cal. Dec. 6,
14 2012) (citations omitted); *see id.* at *5 ("[T]he validity of the assignment does not affect
15 whether [the] borrower owes its obligations, but only to whom [the] borrower is
16 obliged.") (quotation omitted).  "To the extent [a] plaintiff bases her claims on the
17 theory that [defendant] allegedly failed to comply with the terms of the [pooling and
18 servicing agreement], the court finds that she lacks standing to do so because she is
19 neither a party to, nor a third party beneficiary of, that agreement." *McLaughlin v.*
20 *Wells Fargo Bank, N.A.*, No. CV12-1114-DOC, 2012 WL 5994924, at *6 (C.D. Cal.
21 Nov. 30, 2012) (citing *Sami v. Wells Fargo Bank*, No. C12-108-DMR, 2012 WL
22 967051, at *5 (N.D. Cal. Mar. 21, 2012)); *see also Siliga v. Mortg. Elec. Reg. Sys., Inc.*,
23 219 Cal. App. 4th 75, 85 (2013) ("The Siligas do not dispute that they are in default
24 under the note.  The assignment of the deed of trust and the note did not change the
25 Siligas' obligations under the note, and there is no reason to believe that Accredited as
26 the original lender would have refrained from foreclosure in these circumstances.
27 Absent any prejudice, the Siligas have no standing to complain about any alleged lack
28 of authority or defective assignment."); *Jenkins v. JP Morgan Chase Bank, N.A.*, 216

Cal. App. 4th 497, 514-15 (2013) ("As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions. Furthermore, even if any subsequent transfers of the promissory note were invalid, [plaintiff] is not the victim of such invalid transfers because her obligations under the note remained unchanged.") (citations omitted); *cf. Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937, 944 (1976) ("A third party should not be permitted to enforce covenants made not for his benefit, but rather for others.... As to any provision made not for his benefit but for the benefit of the contracting parties or for other third parties, he becomes an intermeddler.").

Plaintiff relies upon *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th 1079 (2013). In *Glaski*, the California Court of Appeal held that, under New York trust law, a transfer of a deed of trust in contravention of the trust documents is "void, not merely voidable," and, under California law, "a borrower can challenge an assignment of his or her note and deed of trust if the defect asserted would void the assignment." *Id.* at 1095 (citation omitted). Based upon this theory, the *Glaski* court held that the plaintiff had standing and stated a claim for quiet title, declaratory relief and unfair business practices under California Business and Professions Code § 17200. *See id.* at 1100-01. This Court finds the reasoning in the above-cited caselaw to be more persuasive than the reasoning in *Glaski*. *See Rivac v. Ndex W. LLC*, No. 13-1417-PJH, 2013 WL 6662762, at *4 (N.D. Cal. Dec. 17, 2013) ("This court is persuaded by the majority position of courts within this district, which is that *Glaski* is unpersuasive, and that plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA.") (quotation and citations omitted); *Boza v. U.S. Bank Nat'l Ass'n*, No. CV12-6993-JAK, 2013 WL 5943160, at *6 (C.D. Cal. Oct. 28, 2013) ("The majority of federal district courts that have addressed the issue whether a borrower has standing to challenge securitization

of a note by its transfer to a trust in an allegedly defective manner, are in accord with *Jenkins*.  And, several state and district courts that have analyzed the effect of New York law on post-closing date acquisitions, like the one at issue in *Glaski*, have concluded that such transfers are voidable rather than void.") (citations omitted); *Newman v. Bank of New York Mellon*, No. 12-CV-1629-AWI, 2013 WL 5603316, at *3 n.2 (E.D. Cal. Oct. 11, 2013) ("[N]o courts have yet followed *Glaski* and *Glaski* is in a clear minority on the issue.  Until either the California Supreme Court, the Ninth Circuit, or other appellate courts follow *Glaski*, this Court will continue to follow the majority rule.") (citations omitted).

Even if *Glaski* was correctly decided, this case is distinguishable from *Glaski*. In *Glaski*, the operative complaint alleged specific, detailed facts which plausibly alleged that the deed of trust was transferred more than three years after the closing date of the trust at issue.  *See Glaski*, 218 Cal. App. 4th at 1084-87, 1093.  In this case, the First Amended Complaint contains a conclusory allegation that "Novastar Mortgage Inc., the original owner and payor of the Plaintiff's Promissory Note never transferred the ownership of said Promissory Note to the MLMI Trust or to any other party." (ECF No. 20 at 14).  Elsewhere, the First Amended Complaint alleges that "Novastar Mortgage, Inc. sold the Promissory Note to the 'Sponsor' within thirty days of the origination of the loan," and "[t]he Sponsor sold the Promissory Note to the 'Depositor' on the closing date the MLMI Trust." *Id*. at 7.  The First Amended Complaint does not reconcile this apparent inconsistency in its allegations.  The Court finds that, unlike the operative pleading in *Glaski*, the First Amended Complaint fails to plausibly allege that Plaintiff's loan was not properly transferred into the trust at issue.  *Cf. Twombly*, 550 U.S. at 555.

The Court finds that the First Amended Complaint must be dismissed because Plaintiff lacks standing to maintain each of the claims asserted.  In addition, the deficiencies identified in the Court's August 21, 2013 Order dismissing the original Complaint's causes of action for quiet title, slander of title, declaratory relief, and

California Business & Professions Code § 17200 have not been corrected in the First Amended Complaint. *See* ECF No. 19 at 5-11 (dismissing the quiet title claim because Plaintiff failed to adequately allege an adverse claim and tender; dismissing the slander of title claim because Plaintiff failed to adequately allege that the recorded documents are unprivileged; dismissing the declaratory relief claim because Plaintiff failed to allege an actual controversy; and dismissing the California Business & Professions Code § 17200 claim because Plaintiff failed to adequately allege any other claim or allege fraud with the particularity required by Federal Rule of Civil Procedure 9(b)). For these additional reasons, the First Amended Complaint is dismissed.

**IV.    Conclusion**

IT IS HEREBY ORDERED that the Motions to Dismiss are GRANTED.  (ECF Nos. 22, 25).  The First Amended Complaint is DISMISSED without prejudice. Plaintiff's request for leave to amend is GRANTED.  Plaintiff shall file any second amended complaint no later than thirty (30) days from the date this Order is filed.  If Plaintiff fails to file a second amended complaint within thirty days, this action will remain closed without further order of the Court.

DATED:  January 8, 2014

**WILLIAM Q. HAYES**
United States District Judge